OPINION
Appellant James Lace Little, Jr. appeals from the decision of the Court of Common Pleas, Richland County, classifying him as a sexual predator. The relevant facts leading to this appeal are as follows.
In 1983, appellant was convicted and sentenced in the Richland County Court of Common Pleas on one count of rape. The victim was a minor under the age of thirteen. On September 27, 2001, pursuant to a request by the Department of Rehabilitation and Correction, the trial court conducted a hearing to determine if appellant should be classified as a sexual predator. At that time, appellant's counsel made a preliminary motion for the appointment of psychological expert. The court took the request under advisement and proceeded with the hearing, which included testimony by appellant. On October 11, 2001, the trial court issued a decision finding appellant to be a sexual predator and denying his motion for an expert.
Appellant timely appealed and herein raises the following sole Assignment of Error:
 "I. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT AN EXPERT WITNESS FOR THE PURPOSE OF PREPARING A DEFENSE AT THE SEXUAL PREDATOR HEARING."
 I.
In his sole Assignment of Error, appellant contends that the trial court erred when it denied his request for the appointment of an expert witness at the sexual predator hearing. We disagree.
Appellant cites to the Ohio Supreme Court's decision in State v.Eppinger (2001), 91 Ohio St.3d 158. In Eppinger, the Court addressed the need for the appointment of an expert witness in a sexual offender classification hearing, holding as follows: "An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id. at syllabus.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."
In classifying appellant a sexual predator, the trial court considered the above factors. The court had before it stipulated exhibits in the form extensive reports from the Department of Rehabilitation and Correction and the Adult Parole Authority.[1] The court noted that the victim was three years old at the time of the offense, and that appellant had then admitted to the investigating officer that he had "screwed" the young girl on a bed. According to a pre-parole clinical risk assessment, appellant reported that he received probation at age sixteen for molesting a thirteen-year-old female, the record of which was later expunged. In 1990, appellant was released on parole to participate in a residential sex offender treatment program sponsored by Volunteers of America. He was terminated from the program due to "disruptive behavior," including a purported remark to another resident that appellant would make him his "ass boy." The exhibits further indicate appellant began abusing alcohol at age twelve, and has used this to rationalize his 1983 crime. He testified at the hearing that he has been diagnosed with manic and bipolar disorders, and "other stuff." Tr. at 8. He also takes psychotropic drugs. Id. He has both admitted to and at other times denied the accusations leading to his 1983 conviction. The court concluded in its entry: "Based on the foregoing findings, the court finds by clear and convincing evidence that Mr. Little should be classified as a sexual predator. The finding is based mainly on the factors of the victim's young age, the offender's prior sex offense and his decision after both these offenses to deny his culpability and his status as a sex offender and to refuse to accept sex offender treatment, his low intelligence compounded with mental illness, and his substance abuse which he uses to excuse his actions but which also has gone largely untreated." Judgment Entry at 3.
As noted in our opinion in State v. Covill, (Stark App. No. 2001CA00074), 2001-Ohio-1679, the fact that defendants prone to pedophilia tend to have a high rate of recidivism distances appellant's situation from the what is presented in Eppinger, in which the victim was an adult. Nonetheless, in order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Upon review of the record and the detailed exhibits therein, we find no abuse of discretion in the trial court's conclusion that a court-appointed psychologist was not reasonably necessary to address the sexual predator classification herein at issue.
Appellant's sole Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.
[1] The trial court indicated in its entry that it was not relying on "old psychologist's opinions," in reference to some of the psychological evaluations found in the exhibits; nonetheless, the court referenced a 1994 report in which appellant was diagnosed as schizophrenic.